MEYER v. CHAMBERS, *Appellant*.

1. **Variance**: AFFIDAVIT. The fact that a defendant was misled by a variance between the petition and the evidence, can only be shown by affidavit. 2 Wag. Stat., sec 1, p. 1033.

2. **Account**: PRACTICE. Though the statute forbids the introduction of any evidence respecting an account unless the same be set forth in the pleading, or a copy thereof be attached, yet if the statute be substantially complied with, any lack of particularity will be cured if the adversary fail to move to have the pleading made more definite and certain.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

SHERWOOD, C. J.—Action by mechanic on an account for work done on house and materials furnished therefor. Defendant denied in her answer the allegations of the petition, and also alleged that plaintiff had contracted to do

the work for a much less sum, and that he was fully paid such sum, &c. On trial had plaintiff had judgment, which defendant seeks to reverse.

I. If there was any variance between the allegations of the petition and the evidence offered in their support, and the defendant was thereby misled, she should, under the statute, 2 Wag. Stat., § 1, p. 1033, have set forth in what respect she was misled, such affidavit is the *only statutory test* of that fact. *Fischer v. Max,* 49 Mo. 404; *Turner v. Railroad,* 51 Mo. 501; *Clements v. Maloney,* 55 Mo. 352; *Wells v. Sharp,* 57 Mo. 56; *Ely v. Porter,* 58 Mo. 158. As the affidavit of defendant was not filed, we are warranted in concluding she was not misled.

II. It is true the statute requires that the items of account be either set forth in the pleading or a copy of such account be attached to the petition, 2 Wag. Stat., § 38, p. 1020, or else that no evidence can be given respecting such items, but this statute was substantially complied with in the case before us; and if those items were not set forth with sufficient particularity, the defendant could have moved that the petition be made more definite and certain. 2 Wag. Stat., § 20, p. 1018.

Viewing the matter in this light, we discover no error in the record, and affirm the judgment. All concur.

AFFIRMED.