ALFRED GFELLER, Respondent, v. WILLIAM GRAEFE-MANN, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Saving Exception to Excessive Verdict.** The assignment of error, that the verdict is excessive, will not be reviewed by this court, when no such complaint is made by the motion for new trial.

2. **Pleading:** OBJECTION TO INSUFFICIENCY OF ACCOUNT: MANNER OF PRESENTATION. When an account which is sued upon is not sufficiently definite to properly advise the defendant as to items contained in it, his remedy is by motion to make it more definite; advantage can not be taken of the defect, for the first time, by motion for new trial.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*James P. Kerr* for appellant.

*Theodore Rassieur* for respondent.

ROMBAUER, P. J.—The action is one by an attorney at law to recover $806.50, which he claims is due him as a balance for professional services rendered to the defendant. The answer contains a general denial, the plea of payment, and a counterclaim for $150. The jury found for the plaintiff in the sum of $765, and for the defendant on his counterclaim for the full amount; and the court entered judgment for the difference between the two amounts. The defendant assigns for error that the verdict is against the law and evidence; that the court gave illegal instructions and refused instructions which were proper, and that the verdict and judgment for plaintiff are void on the face of the record.

The plaintiff gave evidence tending to show that the value of his services was in excess of the amount claimed. No countervailing evidence was given. Even the motion for new trial does not complain of excess in the verdict. There is, therefore, nothing in the record on which the first assignment of error can rest.

The defendant asked only one instruction, and this the court gave in a modified form. It is not claimed that the modification was erroneous. The only instruc-

tion complained of among those given for plaintiff is one on the subject of counterclaim. As the jury found for the defendant for the whole amount of his counterclaim, no instruction on that subject could possibly have misled them to defendant's prejudice.

The last assignment of error is equally without merit. The error complained of therein is ground for arrest of judgment and not for new trial, and no motion in arrest was filed. Judging from defendant's argument, we conceive that under this assignment the question is attempted to be raised that the petition states no cause of action. The petition does state a cause of action, whether considered alone or in connection with the account filed with it, which under the statute forms part of the record. R. S. 1889, sec. 2075. If the account was not sufficiently definite to advise the defendant properly as to items of service, he had his remedy by motion to make it more definite. *Myer v. Chambers*, 68 Mo. 626. Advantage of such a defect can not be taken for the first time by motion for new trial.

These are the only errors *assigned*. An argument is made in defendant's brief on other points also, but as it does not appear that anything touching them was saved, either by objection to the evidence or by instruction, the discussion of these points is foreign to the record before us.

It results from the foregoing that the judgment must be affirmed. All the judges concurring, it is so ordered.