McCarty v. O'Bryan.

McCARTY v. O'BRYAN, *Appellant.**

Court in Banc, February 9, 1897.

1. **Practice :** STATUTE, SEC. 7059: CONSTITUTIONALITY: INSTRUCTION. Plaintiff, a miner, sued a coal mining company and asked for twice the amount due him, under section 7059, Revised Statutes 1889, as amended by Acts of 1891. The defendant asked the court to instruct the jury that plaintiff could not recover because said statute was unconstitutional. *Held,* that such instruction was properly refused, and the question of the constitutionality of the statute could not be considered, because said instruction if given would have denied to plaintiff recovery for the value of his work.

2. ———: ———: ———: ———. Plaintiff was clearly entitled to recover the amount of his duebills, with interest, whether section 7059, Revised Statutes 1889, as amended by Acts of 1891, be constitutional or unconstitutional, and any instruction that declared he could recover nothing if that statute was unconstitutional, was properly refused.

3. ———: MOTION IN ARREST. A motion in arrest reaches only those errors which are apparent on the face of the record. In this case the record consists of the complaint, verdict, and judgment. The complaint shows a prayer for double damages; the verdict, and judgment, upon their face, show that the jury and court did not award double damages. The question of constitutionality of the statute, therefore, can not be reached by motion in arrest, even though judgment shows too much interest was calculated against defendant, since such question of excess was not raised in motion for new trial.

*NOTE.—The opinions so far published in this volume were reported by Mr. F. M. Brown. On July 14, 1897, Mr. Perry S. Rader became Reporter, by appointment of the Court, and all the subsequent opinions herein have been reported by him.

4. ———: TRANSFER OF CAUSE BY COURT OF APPEALS. A case where
the constitutionality of a statute was raised in such a way as to
require its transfer from the court of appeals to this court, but the
constitutionality of the statute not decided because that point is
inseparably coupled with an instruction which, if given, would be a
grievous error against respondent.

5. ———: INSTRUCTION: CONSTITUTIONALITY OF STATUTE. If the
defendant desired the court to pass on the constitutionality of the
double-damage penalty of section 7059, Revised Statutes 1889, as
amended by Acts of 1891, it should, by proper instruction, have asked
the court to confine plaintiff's recovery to single damages.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

*J. B. Johnson* for appellant.

(1) The court erred in refusing to instruct the
jury that plaintiff could not recover because the law
under which plaintiff sues was unconstitutional and
void. *State v. Loomis*, 115 Mo. 307; also, *San Antonio
& A. P. R'y Co. v. Wilson*, Central Law Journal, Vol.
35, issue No. 13, 242. (2) The court should have
awarded defendant a new trial, because it had refused
said instruction. (3) The court erred in overruling
defendant's motion in arrest because of its refusal of
said instruction.

GANTT, J.—This suit was begun before E. P.
Vanaman, Esq., a justice of the peace within and for
Metz township, Vernon county, Missouri. The com-
plaint is in these words (omitting caption): "Plaintiff
complains and alleges: That at the times hereinafter
mentioned the defendants were partners doing
business under the style and firm of Wm. O'Bryan &
Company and as such partners are, and were at the
times hereinafter mentioned, mine operators, mining
and operating in coal at or near the town of Carbon

Center, in the township of Osage, Vernon county, Missouri. That plaintiff, at the special instance and request of the defendants, entered into their employ as a miner to mine coal. That said defendants issued duebills to plaintiff for the amounts of money due plaintiff for labor performed in the mining of coal, to wit: One duebill bearing date September 14, 1891, for $10.85, which duebill is herewith filed, and marked 'Exhibit A;' one duebill bearing date September 15, 1891, for $5, which duebill is herewith filed, and marked 'Exhibit B;' one duebill bearing date September 17, 1891, for $5, which duebill is herewith filed, and marked 'Exhibit C;' one duebill bearing date September 18, 1891, for $4, which duebill is herewith filed, and marked 'Exhibit E.' That plaintiff presented to defendants each of said duebills for redemption or payment on the ——— day of September, 1891, the same being a regular pay day, and that defendant refused, and still refuses, to redeem or pay either or all of said duebills. Wherefore plaintiff demands judgment for $49.70, being double the amount called for in said duebills, as provided by section 7059 of the Revised Statutes, as amended by the Session Acts of 1891, and for costs of suit."

Said duebills are in the following form, with proper variation for amounts and dates:

"No. 121.        CARBON CENTER, 9–14, 1891.

"This certifies that Mr. C. F. McCarty is entitled to ten and 85-100 dollars, for labor, 9,-7, 8, 9, 10, 11, 12, 1891. Not good if transferred. $10.85.

"WM. O'BRYAN & CO.,
"Gen'l Manager and Bookkeeper, per S."

Judgment was rendered by the justice in favor of plaintiff for $49.70, and defendants took the case by appeal to the circuit court, in which trial was had on the ——— day of November, 1892, during the regular

November term, 1892, of said court; plaintiff introducing evidence to support the issues on his side, and defendants also putting in evidence on their behalf. Among other instructions, the defendants asked the following: "No. 9. The court instructs the jury that they can not find for the plaintiff, because the law under which the plaintiff sues is unconstitutional and void." Which instruction the court refused to give, to which action of the court the defendants then and there, at the time, excepted; and the cause being submitted to the jury on the evidence, and instructions given by the court, they returned a verdict for the plaintiff in the sum of $36.50; and afterward, during said term of court, and within four days after rendition of judgment, defendants filed their motions for a new trial, and in arrest of judgment, both of of which were overruled by the court, to which action of the court defendants then and there, at the time, excepted; and defendants afterward, during the said November term of said circuit court, filed their affidavit and bond for an appeal, which was allowed to the Kansas City court of appeals, and afterward the Kansas City court of appeals certified the case to this court because a constitutional question was involved. The defendants assign for error in this court: (1) The refusal of instruction number 9, as above set forth. (2) The refusal to grant a new trial for refusing said instruction. (3) Overruling the motion in arrest on the third and fourth grounds, which are in these words: "(3) The section of the statute upon which plaintiff bases his right of recovery is unconstitutional and void. (4) The act of the legislature upon which plaintiff bases his right of action is unconstitutional and void."

There was obviously no error in refusing to give the instruction number 9 as prayed by defendants.

That instruction, if given, would have denied plaintiff a right to recover any amount whatever, whereas it must be evident that whether section 7059, Revised Statutes 1889, as amended by the act of the general assembly approved April 20, 1891, be constitutional or unconstitutional, he was clearly entitled, upon the pleadings and evidence, to recover the amount of his duebills, with interest from the date of demand, to-wit, the regular pay day at said mines. The instruction asks the court to instruct the jury that they can not find for the plaintiff, because the law under which he sues is unconstitutional; but it is apparent from the statement filed that plaintiff's cause of action was the debt evidenced by four several duebills issued to him by defendants for work done and performed for them at their special instance and request, and which he had demanded at a regular pay day, and defendants had refused to pay. His right of recovery upon said duebills did not depend upon any statute. He had a valid, subsisting cause of action at common law, which was not denied by any statute of this state.

Again it is clear, we think, that the only possible defense defendants had to the claim of plaintiff, under the facts in this record, was to the penalty allowed by section 7059, as amended in 1891 by the act approved April 20 of that year, for which plaintiff prayed. But an objection merely to the amount of interest or to the penalty would not justify a sweeping instruction that plaintiff could not recover at all, because defendants might have a right to reduce the recovery, but not to defeat the action *in toto*. Nothing, we take it, is better established than that, in civil cases, the court is not required to instruct the jury on all questions of law arising in the case, and that, if a party desires an instruction on any particular question, he should request the court to give it. *Tetherow v. Railroad Co.*, 98 Mo.

86, 11 S. W. Rep. 310; *Chicago, M. & St. P. R'y Co. v. Randolph Town-Site Co.*, 103 Mo. 468, 15 S. W. Rep. 437; *Drey v. Doyle*, 99 Mo. 459, 12 S. W. Rep. 287; *Hall v. Hall*, 107 Mo. 101, 17 S. W. Rep. 811. Learned counsel, then, having prayed an instruction "involving the construction of the constitution," which the court could not lawfully give without committing palpable error against plaintiff, can not now complain that the circuit court did not, of its own motion, give him an instruction on the issue of the unconstitutionality of the penalty alone. It simply amounts to non-direction, which, as we have seen, is no ground for reversal in a civil action. The instruction asked being erroneous, no error was committed in refusing to give it.

2. The motion in arrest merely assigns, in general terms, only "that the act of the legislature is unconstitutional and void." No specific provision of the constitution is pointed out, with which the statute is supposed to conflict. We have already seen that the ·statement filed before the justice was an ordinary petition, founded upon four duebills for certain sums, in which the defendants admitted that they owed the plaintiff the sum named in each. It was alleged that the plaintiff presented these duebills on a regular pay day, and demanded payment, and payment was refused, and then followed a prayer for judgment for double the amount of the several duebills. It clearly stated a cause of action. A motion in arrest reaches only those errors or defects which are apparent on the face of the record, and on account of which judgment can not lawfully be rendered. In this case the record proper consists of the petition or statement, the verdict of the jury for $36.50, and the judgment thereon. There is nothing upon the face of this record to indicate that the section now assailed as unconstitutional was relied upon by plaintiff, further than the

prayer for double damages. Now, the prayer for relief is not demurrable. *Saline Co. v. Sappington*, 64 Mo. 72. Moreover, there is nothing in this record to show that the circuit court authorized the jury to find double damages, and certainly the verdict and judgment, upon their face, show that the jury and the court did not award plaintiff double the amount of the duebills.

It can be inferred from the verdict that the jury gave plaintiff more than six per cent interest on the face of the duebills; but, if they did, no such question is raised in the motion for new trial. No opportunity was given the court below to correct the erroneous excess. *Alexander v. Relfe*, 74 Mo. 495; *Sweet v. Maupin*, 65 Mo. 68; *Weese v. Brown*, 102 Mo. 299, 14 S. W. Rep. 945. The motion in arrest does not reach any error apparent on this record, because, notwithstanding the assertion that the act upon which the suit is based is unconstitutional, it does not appear that the suit is based upon such act, save as to the prayer, and it does not appear on the record proper that said prayer was heeded by the court.

3.   This case "involves the construction of the constitution;" so that the Kansas City court of appeals properly transferred it to this court, under the provisions of the constitution. But it is so "involved" in the instruction asked and refused that, if given, it would have wiped out the conceded and absolute right of plaintiff, and we are compelled to hold that it was improperly raised. We regard it as analogous to a case where parties are separately liable on a bill of exchange, and yet jointly demur. If the petition show a good cause of action as to one, and no cause of action as to the other, the demurrer will be overruled, the demurrer being too broad; and yet no one could question that, had there been separate demurrers, they might be sustained as to one and overruled as to the

other. "The sufficiency of the petition" is "involved" in the general demurrer, but its insufficiency will not avail, because the demurrer is general, and not separate. *Bank v. Parris*, 35 Mo. 371. Hence we are compelled to hold that the constitutionality of the law in question was raised in such a manner that it is involved in the appeal, but the point sought to be discussed by appellant we find to be untenable, because inseparably coupled with an error against the plaintiff, which we can not sanction. Parties seeking to convict the circuit court of error have the burden of making that error apparent to the appellate court. In this case it does not appear, and we must decline to enter upon the always delicate and important duty of passing upon the constitutionality of this law until it is presented on the record in such a way as to insure its determination without infringing upon other well defined principles of law. Every presumption is in favor of the law, and we do not feel called upon to search for conflicts between the statute and the constitution. Counsel desiring us to enter upon such an inquiry should at least present such a question to the circuit court, and take its judgment thereon. The judgment is affirmed.

BARCLAY, SHERWOOD, MACFARLANE, and ROBINSON, JJ., concur. BRACE, C. J., and BURGESS, J., concur, except as to disposition of the case. It having been found in their opinion that the case does not "involve the construction of the constitution of the United States or of this state," it should be transferred to the Kansas City court of appeals for judgment. BARCLAY, J., concurs in affirming the judgment, for the reasons given in the foregoing opinion, as well as upon the broader grounds stated by him in *State v. Loomis*, 115 Mo. 320, 22 S. W. Rep. 353.