## ST. LOUIS SANITARY COMPANY, Respondent, v. WILLIAM F. REED, Appellant.

St. Louis Court of Appeals. Argued and Submitted November 6, 1913.
Opinion Filed December 2, 1913.

1. **PLEADING: Demurrer: Waiver by Pleading Over.** Where a demurrer to a petition is overruled and defendant answers over, it is not necessary for the appellate court to notice the ruling on the demurrer.

2. **MONEY HAD AND RECEIVED: Nature of Remedy.** An action for money had and received lies for money which, *ex aequo et*

Sanitary Co. v. Reed.

*bono,* defendant ought to refund, for money paid by mistake, or got through imposition, express or implied, or through an undue advantage taken of plaintiff's situation, contrary to laws made for the protection of persons, under the circumstances.

3. ———: **Favored Remedy.** An action for money had and received is favored in this State.

4. ———: **Pleading: Necessary Averments.** The petition, in an action for money had and received, unless on an account, must usually be special, setting forth the relation of the parties and the contract or wrong by means of which the money was received; and hence the petition, in an action to recover money which defendant claimed was paid him by plaintiff for services, should set out the relation of the parties and the contract or wrong out of which the right of action arose.

5. ———: ———: **Omission of Essential Averments: Remedy.** The failure of the petition, in an action for money had and received, to set out the relation of the parties and the contract or the wrong out of which the cause of action arose can be reached by a motion to make it more definite and certain, if not by demurrer.

6. ———: **Pleading: Burden of Proof.** In an action for money had and received by defendant to plaintiff's use, where the answer, after denying each and every allegation of the petition not admitted, denied that defendant was indebted to plaintiff in the sum sued for, or any other sum, and admitted that, on the dates alleged, defendant received of plaintiff the sums set out, aggregating the amount sued for, and alleged that said sums were paid defendant as his compensation for services rendered plaintiff, and were not received on any other account whatsoever, it was error for the court to hold that the burden of proof was, at the outset, under the pleadings, upon defendant; this ruling losing sight of the distinction between burden of proof and preponderance of evidence.

7. **CORPORATIONS: Relation of Directors to Stockholders.** Corporations are, in a way, partnerships; and their directors are more than mere agents for fellow stockholders, they being trustees for fellow stockholders, in charge of a trust fund.

8. ———: **Liability on Quantum Meruit.** As concerns directors, the acts of a corporation may be proved in the same manner as the acts of individuals, and a promise to pay the reasonable value of services rendered and accepted may be implied against corporations as against individuals.

9. ———: **Right of Employee to Compensation: Quantum Meruit.** One who, though he was at one time titular secretary and

treasurer of a corporation, was neither a director nor a stockholder, but was merely a hired employee, could recover the reasonable value of his services, if rendered at the request, by the direction, or with the knowledge, of the company's officers, directors, or managers, and accepted by them, and not voluntarily rendered without expectation of reward, notwithstanding a resolution of the board of directors that all salaries should end with the end of the current year, since the rule that officers and directors of corporations may not charge for services, unless founded on a resolution of the board or provided for in the articles, constitution, or by-laws, does not apply to one who is neither a director nor stockholder; and hence, although the introduction of such resolution in evidence, in an action against the corporation for the reasonable value of his services, *prima facie* deprived him of any claim to compensation, he should have been permitted to show that he was not included in it, but that he did the work with the consent, on the employment, and with the knowledge, of the company's officers and directors.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

REVERSED AND REMANDED.

*Morton Jourdan* for appellant.

(1) Corporations, like individuals, are liable in actions *quantum meruit* for the reasonable value of services rendered. 21 Am. & Eng. Ency. of Law (2 Ed.), p. 907. (2) A person who is elected, and acts as secretary of a corporation, and is neither a director nor a stockholder, is entitled to recover the reasonable value of his services as such; although there is no resolution fixing his salary, and although the corporation never agreed to pay him anything. 2 Cook on Corp., sec. 657, page 1937; 21 Am. & Eng. Ency. of Law (2 Ed.), pp. 905-6; Smith v. Railroad, 102 N. Y. 190; Railroad v. Richards, 8 Kan. 101; Bldg. Assn. v. Hegan, 49 S. W. 796; Dodge v. Traction Co., 115 N. W. 1004; Greenleaf v. Railroad, 91 N. C. 33; Railroad v. Owen, 121 Ala. 505; In re Dale, 61 L. T. Rep. 206. (3) That the services were rendered at the request

of the corporation raises an implied obligation that the corporation intended to pay for same. This implication can only be rebutted by clear evidence that the services were intended to be gratuitous, and the burden of establishing this defense is upon the corporation. Smith v. Railroad Co., 102 N. Y. 190.

. *Chester H. Krum* for respondent.

(1) In the absence of a by-law or resolution of the board of directors legally and regularly passed, providing for the payment of salaries to the officers of a corporation, they are presumed to serve without compensation. There was no by-law or resolution covering the period of misappropriation by the appellant and hence a recovery could not be avoided. Remmers v. Sekey, 70 Mo. App. 364. (2) The resolution, withdrawing all salaries, afforded full ground for the recovery had anything been needed in that direction.

REYNOLDS, P. J.—The petition, after averring the incorporation of the plaintiff, charges "that the defendant is justly indebted to the plaintiff in the sum of $1600 for so much money had and received to the use of the plaintiff between May 1, 1907, and May 1, 1910, to-wit. . . ." Here follows an itemized statement charging fifty dollars as received May 1, 1907, and on the first day of each succeeding month to and including December 1, 1909. The petition continues: "That payment of the said sums and the said aggregate sum of $1600 received as aforesaid by the defendant to the plaintiff, has been duly demanded of defendant by the plaintiff and by him refused." Judgment is demanded for that sum and costs.

A demurrer was interposed to this and overruled. As defendant answered over, it is not necessary to notice this. The answer, after denying each and every allegation of the petition, "except such as are hereinafter admitted," denies that defendant is indebted to

plaintiff in the sum of sixteen hundred dollars or in any other sum whatever. It admits that on the dates alleged, defendant did receive of plaintiff the sum therein set out, agregating $1600, "which said moneys were paid him by the plaintiff, and received by the defendant, as his compensation for services rendered to the plaintiff, at its instance and request, during the time and period aforesaid, as secretary and treasurer of said plaintiff corporation; and that said sums and compensation were reasonable for the services rendered; and that said sums were not received on any other account whatsoever."

There was a reply which denies that the moneys mentioned in the petition and answer were moneys paid defendant by plaintiff, and "denies that they were received by the defendant as his compensation for services rendered to plaintiff at any time either as secretary or in any other capacity. It alleges that the said moneys were received and had by the defendant as alleged in the petition."

Trial to the court, a jury having been waived. At the outset, counsel for plaintiff asked the court to rule that the burden of proof was on defendant under the pleadings. The court so ruled, defendant excepting.

Thereupon defendant offered himself as a witness and testified that he had been secretary and treasurer of plaintiff corporation from April, 1905. He was such by appointment of the board, but was not a member of its board of directors nor a stockholder in the company. He testified that when he turned over the books and papers and money of plaintiff, after December 31, 1908, he accounted for and paid over to his successor all moneys in his possession other than the $1600 here involved. Counsel for defendant offered to introduce evidence tending to prove the reasonable value of the services defendant had performed for the plaintiff for the period covered, and that the $1600 defendant had retained, had been retained with the ap-

proval and consent of the president of the company, and was on account of services he had rendered as secretary and treasurer of the plaintiff corporation while its business and affairs were being wound up. This line of testimony was all objected to and excluded on objection of plaintiff's counsel, defendant duly excepting.

On cross-examination counsel for plaintiff, identifying the books of the corporation, read from the minutes of the proceedings of the board this: "Special meeting of the board of directors duly called, held April 25, 1905; present, Messrs. Campbell, Garnett and President Blakely. The minutes of the last meeting were read and approved. . . . Ordered that the superintendent's salary be reduced one-half; that the secretary be laid off and that the treasurer be empowered to act as secretary his salary for the two offices being fixed for the present at $100 per month." Defendant testified that he had been elected treasurer on the 24th of March, 1904; that at that time his salary as treasurer commenced April 1, 1904, and was fixed at $1500. He also identified an entry in the minutes as in the handwriting of the president, who had signed the minutes, the entry of date Nov. 16, 1906: "It was ordered also that salaries end with the end of the present year, as well as all other expenses that can be controlled." Asked if he was present at that meeting, witness said he was not.

On redirect examination, the witness was asked by his counsel, if, after the date of that meeting, he had continued to discharge his duties as secretary and treasurer of the company, up to January 1, 1909. He answered that he had; "the same afterwards as before," and that during that period he had the custody of the books and papers and moneys of the company. He had been paid his salary at the rate of $100 a month up to the 1st of January, 1907. Asked what compensation he had been paid after the 1st of Jan-

uary, 1907, and prior to May 1, 1907, objection was made on the ground that it assumed compensation had been paid.    Objection sustained, counsel excepting. He was then asked if, after the 1st of January, 1907, the directors of the company knew he was continuing the services as secretary and treasurer of the company as before.   He answered that they did.   Asked if he continued to render those services from January 1, 1907, to January 1, 1909, with the knowledge and consent and approval of the directors of that corporation, he answered, "Yes."   This was objected to after the answer had been made and the objection sustained. Finally defendant was asked on what account and for what reason he had retained the $1600 when he turned over the books and papers and moneys of the corporation to his successor in office.   This was objected to, objection sustained and counsel duly excepted.

At the conclusion of the hearing and having taken the cause under advisement, the court made a finding and rendered judgment in favor of plaintiff for the amount sued for with interest.   From this, interposing a motion for new trial as well as one in arrest of judgment and excepting to these motions being overruled, defendant duly perfected his appeal to this court.

This judgment and the rulings of the trial court, hereinafter referred to, cannot be sustained.

It was error to hold that the burthen of proof was on defendant.   The petition undertakes to state an action for money had and received, a form of action of which it has been said by Lord MANSFIELD in the often quoted case of Moses v. Macferlan, 2 Burr. 1005, "for money which *ex aequo et bono,* the defendant ought to refund:   .   .   .   It lies for money paid by mistake;   .   .   .   or for money got through imposition (express, or implied);   .   .   .   or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons

under those circumstances.'' It is a form of action favored in our State, as see Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, l. c. 288, 94 S. W. 527. We have discussed this form of action in Garnett & Allen Paper Co. v. Midland Publishing Co., 156 Mo. App. 187, 136 S. W. 736, and need not go into it fully here.

It is said in Abbott's Trial Evidence (2 Ed.), p. 335, that, ''The complaint, unless on an account, must usually be special, setting forth the relation of the parties and the contract or wrong by means of which the money was received.'' This is not an action on an account, in the sense in which that term is used. That it does not set forth the relation of the parties, the contract nor the wrong, is manifest. Failing by his petition to do that however, which failure could have been reached by motion to make the petition more definite and certain, if not by demurrer, did not absolve the plaintiff from its obligation to make out at least a prima-facie case by proof; proof of the facts essential to a recovery. We have set out the answer of defendant in this case practically in full. That answer admits defendant retained the amount of money and on the dates set out, but it specifically puts in issue the very essential allegation that the money so retained was of the moneys of the plaintiff, or that the defendant had and received that money to the use of plaintiff. That is specifically denied in the answer. The reply repeats the original averment. We might here apply this test: Could the plaintiff, with the answer of defendant admitting that he had retained the $1600, have successfully moved for judgment on the answer? The learned counsel for plaintiff made no such motion, does not here make any such contention. The burden of proof was on the plaintiff, notwithstanding the answer. Without going into the question to any great extent, or attempting to compile the authorities governing the matter, we consider it suffi-

cient to refer to two cases, namely, Glover v. Hender-
son, 120 Mo. 367, 25 S. W. 175, and Marshall Livery
Co. v. McKelvey, 55 Mo. App. 240. In the former of
these cases, it is said (l. c. 382): "The obligation to
prove any fact is upon the party who asserts the
affirmative of the issue."

In Marshall Livery Co. v. McKelvey, supra, it is
said, passing on an instruction given by the court, to
the effect that the burthen of proof is on the plaintiff
to establish to the jury's satisfaction by the pre-
ponderance of the proof, that the defendant failed to
exercise ordinary care in driving and caring for the
horse which he had hired from the plaintiff, and of
which instruction plaintiff complained, that the objec-
tion "loses sight of the distinction between the burden
of proof and the burden of evidence. The former re-
mains throughout the trial where the pleadings place
it in the first instance, while the latter may shift from
side to side according to the state of the proof. . . .
It was necessary for the plaintiff to allege and prove
that in the use of the horse the defendant was guilty
of some negligent act, and that the death of the horse
was the result of such act. These were the constitutive
facts of the cause of action. A prima-facie case was
made by the introduction of evidence tending to prove
that the horse, at the time of the delivery to the de-
fendant, was apparently in good condition. If the evi-
dence had closed at this point, the plaintiff would have
been entitled to recover, provided the jurors were
satisfied from the evidence that the horse was in a
healthy condition at the time of its delivery to the de-
fendant. Therefore, at this stage of the proceeding,
the burden of evidence was cast on the defendant to
show by some substantial evidence that he exercised
ordinary care in the use of the animal." This ruling
and the distinction between burden of proof and pre-
ponderance of evidence was lost sight of. It was
error, in the absence of any showing whatever on the

part of the plaintiff, and with the very qualified admission in the answer of defendant, that admission coupled with a denial of the very essential averment in the petition that the money so taken and withheld by defendant was received and retained by him for the use of plaintiff, to hold that the burden of proof was at the outset and by the pleadings, upon the defendant.

Passing that and looking to the rulings at the trial, by which the trial court refused to allow the introduction of evidence tending to sustain the plea of *quantum meruit* and excluded evidence offered by defendant to show that he had performed the services at the instance and with the consent and knowledge of the officers and directors of the company, grave error was committed. The resolution introduced in evidence prima facie deprived defendant of any claim to salary, but did not conclude him from showing that he was not in fact included in it; from showing that, notwithstanding that resolution, he had continued in the employ of plaintiff, doing the work usually appertaining to the office of secretary and treasurer, and that he did the work with the consent, on the employment and with the knowledge of the officers and directors of the company. It was within his right, failing a contract fixing the amount, to follow that up with evidence of the reasonable value of those services. The rule invoked by counsel for plaintiff and sustained by the trial court, that no officer of the company is entitled to compensation, or to claim pay for services on *quantum meruit,* in the absence of a contract, or unless there is an express provision in the by-laws, or by resolution of the board, awarding him salary or pay, has no application whatever to this case. This defendant was neither a director nor stockholder of the company. He was titular secretary and treasurer at one time, treasurer at another, but in point of fact, as the evidence which he offered certainly tended to show, he was a mere hired employee.

The reason of the rule forbidding officers and directors of corporations to charge for services, unless that charge is founded on a resolution of the board, or is provided for in the articles, constitution or by-laws of the corporation, does not apply here. Corporations are, in a way, partnerships; the directors are themselves, under our law, members of the corporation, stockholders. Acting as directors, they are more than mere agents for their fellow stockholders; they are their trustees, in charge of a trust fund. They cannot charge or receive pay for any services rendered their costockholders—the *cestui que trust*— "unless compensation for such services is provided for in its charter or authorized by a by-law, or resolution of the board of directors before the services are rendered." [Taussig v. St. Louis & Kirkwood Ry. Co., 166 Mo. 28, 1. c. 33, 65 S. W. 969; Watcham v. Inside Inn Co., 159 Mo. App. 33, 1. c. 40, 139 S. W. 228.] But as concerns directors, "it is well-settled law in this State that the acts of a corporation may be proved in the same manner as the acts of individuals, and that a promise to pay the reasonable value of services rendered and accepted may be implied against corporations as against individuals." [Taussig v. St. Louis & Kirkwood Ry. Co., supra, 1. c. 32.] If this defendant rendered services at the request, or by the direction, or even with the knowledge of the officers, directors, managers of the company, and they accepted the services, he having no contract fixing his compensation, unless it appears that the services were voluntary and rendered without expectation of reward, defendant is entitled to recover the reasonable value of such services on proof of their value.

The judgment of the circuit court is reversed and the cause remanded for further proceedings. *Nortoni* and *Allen, JJ.,* concur.