LULA A. JEGGLIN, APPELLANT, v. JOHN P. RANDOLPH, RESPONDENT.*

Kansas City Court of Appeals. April 30, 1928.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 3034, p. 1051, n. 99; Recoupment, Set-off and Counterclaim, 34Cyc, p. 671, n. 81; p. 684, n. 55; Statutes, 36Cyc, p. 1154, n. 81.

*Gresham & Gresham* and *Eastin & McNeely* for appellant.

*James H. Hull, Kendall B. Randolph* and *Lewis F. Randolph* for respondent.

ARNOLD, J.—This is an action to recover on a promissory note for $1000, the said note being one of a series executed by defendant payable to plaintiff as and for the rental of a certain summer resort on Bean Lake in Platte county, Missouri. The petition is formal and alleges the note sued on was executed March 1, 1925, payable June 15th, following, and that the same was due and unpaid. Defendant filed his third amended answer in two counts, the first of which admitted the execution of the note but pleaded lack of consideration therefor. The second count pleaded a counterclaim and states that through fraud the plaintiff misled defendant and obtained possession of certain real estate leased by her to defendant. Further the answer pleads that, under a void judgment in the court of a justice of the peace, plaintiff obtained possession of the premises covered by the lease and also took thereunder a great deal of defendant's personal

property. Defendant asked judgment for $30,814.16, actual and $10,000 punitive damages.

The suit was instituted in the circuit court of Platte county but by change of venue was taken to Buchanan county and there tried to the court and jury. Verdict was returned for plaintiff in the sum of $594.44, balance due on the note ($500 having been paid thereon) and for defendant on his counterclaim in the amount of $4000. Judgment was entered for defendant for the difference, i. e. $3504.56. Motions for a new trial and in arrest were overruled and plaintiff appeals.

Plaintiff's abstract of the record is in short form and recites:

"Defendant then proceeded, under the ruling of the court and over the objection of plaintiff, to introduce evidence tending to prove the oral modification of the lease and note and the damages set up by defendant, the evidence conforming substantially to the allegations of the answer and counterclaim.

Plaintiff, in rebuttal, offered evidence tending to disprove the allegations contained in defendant's answer and counterclaim.''

Defendant has presented an additional abstract of the record which does not purport to set out all the evidence.

The first point urged is that the court erred in not instructing the jury to find for plaintiff upon the note. However, as the verdict was for plaintiff for the full amount due on the note in suit, with interest, plaintiff was not injured by failure of the court to instruct the jury as requested. That point being thus disposed of, the only question remaining for our consideration is the counterclaim. It is contended by plaintiff the counterclaim was improper because it arose after the suit was filed. It is noted that our counterclaim statute, section 1233, Revised Statutes 1919, is divided into two parts and that the counterclaim herein is based upon the first subdivision thereof. The statute is plain to the effect that a counterclaim may arise out of any matter connected with the subject-matter of the action. [Paper Co. v. Pub. Co., 156 Mo. App. 187, 199, 136 S. W. 736.] In the case of Andron v. Funk, 185 N. Y. Supp. 139, 141, the point here raised was discussed and decided against plaintiff's contention, the court saying:

"As to defendant's right to assert a counterclaim which arose after the commencement of the action, we need only refer to section 501 of the Code of Civil Procedure which defines a counterclaim. That section states, among other things, that a counterclaim—

" 'must be one of the following causes of action against the plaintiff: . . . 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action on contract, any other cause of action on contract, existing at the commencement of the action.'

"It will be observed that this counterclaim comes within the first subdivision of section 501 above quoted, which says nothing about a cause of action existing at the commencement of the action. The counterclaim in this case clearly arose out of the contract or transaction set forth in the complaint, and since there is nothing stated in subdivision 1 which requires that the counterclaim must exist at the commencement of an action, we are of opinion that the counterclaim sufficiently states a cause of action and that the demurrer should have been overruled."

It is a matter of judicial history that our code was copied from the New York code. We hold therefore that the New York authority is pertinent here, as the court was construing the identical language of our statute. Moreover, to the same effect are Hyman v. Jockey Club, 48 Pac. 671, 672, and Paper Co. v. Publishing Co., supra.

On examination we find the cases cited by plaintiff in support of her position are those in which the court had under consideration the second subdivision of the statute and therefore they are not in point here. Applying the law to the facts here presented under the short form of transcript, we must rule against plaintiff's contentions. We find no reversible error of record.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.