ATCHISON COUNTY, Defendant in Error, *vs.* WILLIAM DE AR-
MOND, Plaintiff in Error.

1. *County roads—Commissioner appointed to let out contract for improving has
no right to do the work himself.*—A commissioner who is appointed by a
County Court to "let out a contract" for certain road improvements, and to
"superintend the same," and receives money to be used for that purpose, will
be held responsible to the county for the money, if he fails to let out the con-
tract, and cannot relieve himself by showing that he did the work himself, and
that the amount received was actually expended by him in the improvements.

*Error to Holt Circuit Court.*

*Durfee, McKillops & H. Parrish,* for Plaintiff in Error.

*A. H. Vories,* for Defendant in Error.

Defendant was agent for the county, and could not con-
tract with himself to do the work. (Grumley vs. Webb, 44
Mo., 444; Rea vs. Copelin, 47 Mo., 80, 83; Wolcott vs.
Lawrence Co., 26 Mo., 272; Denison vs. County of St. Louis,
33 Mo., 168.)

WAGNER, Judge, delivered the opinion of the court.

This suit was brought in the Atchison County Circuit Court,
charging that plaintiff, through the County Court, had ap-
pointed defendant its commissioner and agent, to let out on
contract work to be done in throwing up an embankment,
and otherwise improving a public road in said county, and to
superintend the same; that it gave him four hundred dollars
to be applied to that purpose, and that he had failed to let
said contract to have said work done, and failed to account
for the money, but had converted the same to his own use;
and judgment was prayed for the amount.

On defendant's application, a change of venue was awarded
to the Holt County Circuit Court, where defendant filed an
amended answer, admitting his appointment, the receiving
of the $400 to be used in and about the defraying of the ex-
penses of the work; denied the conversion of the money, and
then alleged that he "entered upon said work and did work
therein, in throwing up embankments, digging the necessary

ditches, drains to drain said part of said road, and carry off the water therefrom, and in furnishing timber, erecting the necessary culverts and bridges on said road, to the amount of all the money so paid the defendant." This latter part of the answer was, on the motion of plaintiff, stricken out as constituting no defense. The defendant excepted, and failing to file any further answer, a final judgment was rendered against him, and he sued out his writ of error.

The only question is, whether that part of the defendant's answer stricken out constituted any defence against plaintiff's claim. The allegation in the petition admitted by the answer, is, that plaintiff, through the County Court, appointed defendant a commissioner and agent, to let out certain work on contract and superintend the same, and that four hundred dollars was appropriated and delivered to defendant to pay for the work. The matter stricken out does not pretend that the defendant pursued his authority, but states that he entered upon and did the work himself, to the amount of the money he received. The appointment and agency were the extent of his authority, and he could legally proceed in no other manner than that contained in the power delegating the trust. Counties, in the erection of public works, are under the necessity of acting through agents, and those agents must pursue the authority conferred on them. An agent is not allowed to make a profit out of his trust, because no person having a duty to perform can be allowed to place himself in a situation in which his interest and his duty may conflict. The agency was to let out the contract and superintend the work; that implied that some person should be contracted with, and that the agent should superintend and see that he fulfilled his contract and complied with his agreement. But the agent could not contract with himself, nor was he a proper person to superintend his own work and determine his own compensation.

In building bridges the universal custom is to appoint a commissioner to let out the same by contract and superintend the construction; but I apprehend that it was never sup-

posed that a commissioner could go on and do the work under his own superintendence, and then recover as on a *quantum meruit.*

The county had the authority to appoint the defendant a commissioner and agent for the purpose of making the contract. A contract was necessary to give any person any rights in the premises. Any other rule would lead to disastrous consequences, and allow the people's money to be squandered and frittered away by abuses of public trust, and through the instrumentality of faithless agents.

The judgment should be affirmed; all the judges concur.