COUNTY OF NODAWAY v. A. P. KIDDER, Appellant.—129 S. W. (2d) 857.

Division One, June 14, 1939.

796

*Wright & Ford, Ellis G. Cook* and *Livengood & Weightman* for appellant.

*C. G. Vogt,* Prosecuting Attorney, for respondent.

DALTON, C.—This is an action by Nodaway County (respondent herein) for money had and received by defendant to plaintiff's use. From a judgment for plaintiff the defendant has appealed.

The petition charged that for the years 1933 and 1934 defendant A. P. Kidder (hereinafter called appellant) was the duly elected, qualified and acting Presiding Judge of the County Court of Nodaway County; that during each month of said two year period appellant filed and presented to the county court his written claims and demands for salary and compensation as a member of said county

court and as a member of the board of equalization in the sum of $2560, and mileage claims for $516.55, all of which claims were allowed and paid out of public funds of Nodaway County and, the total amount thereof, received by appellant; that appellant was legally entitled to receive as salary and compensation only $465 and $6 mileage; and that the allowance and payment of the excess amount to appellant, for which recovery was sought, was illegal, wrongful, and without authority of law. The answer was a general denial.

On application of plaintiff a referee was appointed, testimony heard, and a report filed. Exceptions by appellant to said report were overruled, and judgment entered for plaintiff.

In the hearing before the referee it was admitted that appellant was, during the entire period of 1933 and 1934, the duly elected, qualified and acting Presiding Judge of the county court of said county; that Nodaway County contained a population of less than 75,000 inhabitants; that during the said period appellant filed with the clerk of the county court some twenty-nine statements, which were duly audited and allowed by the county court in favor of appellant; that warrants were drawn in payment of said statements; that the warrants were paid, and the proceeds received by appellant. The said statements cover charges by appellant against the county for time (days per month) at the rate of $5 per day, together with certain mileage at the rate of five cents per mile. The said statements cover not only the time of appellant while in attendance at county court, and at meetings of the board of equalization and board of appeals but also time spent at the county farm, and on trips to inspect roads, culverts or bridges, trips to the asylum at St. Joseph, trips to various towns in the county, trips to St. Joseph with hogs, trips to St. Joseph to purchase supplies of various kinds and other charges. It was admitted that four terms of county court were held each year; and that appellant resided seven and one-half miles from the place of holding court. The proof further showed that the county court, board of equalization and board of appeals were in session a total of ninety-three days during said period.

In the hearing before the referee, appellant, in the cross-examination of one of plaintiff's witnesses, offered to show that all of the time covered by the statements, exclusive of time spent while attending county court, the board of equalization or board of appeals, was spent by appellant as an employee of Nodaway County, and not as Judge; that appellant was working as an employee of the county under an agreement with the county court that he be allowed $5 per day and mileage while attending to county business; that all funds paid appellant, except for attendance at county court, board of equalization and board of appeals, were paid to him merely as an employee of the county and to save the county from hiring a highway engineer. The offering was denied. Appellant demurred to plaintiff's evidence and stood on the demurrer.

The referee found that plaintiff's evidence amply supported the allegations of the petition; that the grand total paid by Nodaway County to appellant was $3019.90; that appellant was lawfully entitled to receive, as compensation and mileage, only $471; and that appellant during said two year period received "in excess of his legal compensation as County Judge" a total of $2548.90 which plaintiff was entitled to recover. The report was approved and judgment duly entered thereon for recovery of said excess by plaintiff.

Error is assigned on the court's sustaining referee's report. Appellant contends that the evidence fails to support (1) the allegation of the petition and (2) the findings of the referee, and that error was committed in rejecting evidence offered by appellant to show that the money was received as a county employee, and not "as Judge of the County Court."

■ This is an action at law and the findings of fact made by the referee, when approved and confirmed by the trial court, occupy the same status on appeal as the verdict of a jury, and will not be disturbed if supported by substantial evidence. [Kline Cloak & Suit Co. v. Morris, 293 Mo. 478, 494, 240 S. W. 96, 100; Hunt v. Lehrack (Mo. App.), 245 S. W. 52, 55.]

Appellant contends that whether or not the county court had the right to employ appellant in some other capacity, than judge, and whether appellant was employed under an illegal contract, is not involved here, since appellant claims the petition alleged that the funds sought to be recovered were received "as Judge of the County Court." Appellant says that the proof failed to support the pleadings or the findings of the referee, and failed to show the excess funds were received "as Judge of the County Court."

■ Appellant contends he may act in two different capacities at the same time and that compensation received in one capacity will not be treated as compensation received in the other. Appellant overlooks the fact that the existence of the two capacities; employer and employee, in the same individual is incompatible and is peremptorily prohibited by law.

■ County courts are courts of record, created and given jurisdiction to transact all county business, and to audit and settle all demands against the county. [Article 6, Section 36, Constitution of Missouri, Section 2078, Revised Statutes 1929 (Mo. Stat. Ann., sec. 2078, p. 2558.] The above statute providing for settling and auditing claims against the county applied only to lawful demands and does not authorize the county court to audit and settle claims arising on void contracts. [Hillside Securities Co. v. Minter, 300 Mo. 380, 397, 254 S. W. 188, 193.] A county court does not act judicially in auditing and approving claims presented against the county, or in auditing warrants issued in payment thereof, and its action is not final in the sense that a judgment of a court is final. [Jackson

County v. Fayman, 329 Mo. 423, 44 S. W. (2d) 852; State ex rel. West v. Diemer, 255 Mo. 336, 351, 164 S. W. 517, 521.] The fact that said statements, presented by Judge Kidder, were audited and allowed by the county court, and that warrants were ordered to be issued in payment of said statements, was not binding on plaintiff.

█ The compensation of a judge of the county court, in a county having less than 75,000 inhabitants is fixed at $5 per day for each day necessarily engaged in holding court, plus five cents per mile for each mile necessarily traveled in going to and returning from the place of holding county court, and such mileage shall be charged only once for each regular term. [Sec. 2092, R. S. 1929 (Mo. Stat. Ann., sec. 2092, p. 2664), as amended Laws of Mo. 1931, pp. 190-191.] In addition a judge of the county court is allowed $5 per day for each day he sits as a member of the board of equalization and board of appeals. [Sec. 9818, R. S. 1929 (Mo. Stat. Ann., sec. 9818, p. 7915).]

█ The general rule is that the rendition of services by a public officer is deemed to be gratuitous, unless a compensation therefor is provided by statute. If the statute provides compensation in a particular mode or manner, then the officer is confined to that manner and is entitled to no other or further compensation or to any different mode of securing same. Such statutes, too must be strictly construed as against the officer. [State ex rel. Evans v. Gordon, 245 Mo. 12, 28, 149 S. W. 638; King v. Riverland Levee Dist., 218 Mo. App. 490, 493, 279 S. W. 195, 196; State ex rel. Wedeking v. McCracken, 60 Mo. App. 650, 656.]

It is well established that a public officer claiming compensation for official duties performed must point out the statute authorizing such payment. [State ex rel. Buder v. Hackmann, 305 Mo. 342, 265 S. W. 532, 534; State ex rel. Linn County v. Adams, 172 Mo. 1, 7, 72 S. W. 655; Williams v. Chariton County, 85 Mo. 645.]

█ The duties performed by appellant, and for which the additional fee or salary and mileage, was paid, were with reference to matters pertaining to and relating to his official duties as presiding judge of the county court and said services were within the scope of said official duties. The work in which appellant was engaged was directly under the supervision of the county court. Public policy requires that a public officer be denied additional compensation for performing official duties.

It has been held that employment as city attorney, for which a salary was paid, includes services rendered in connection with a special tax matter, and that compensation as city attorney covers such service, and that a city collector may not contract with such city attorney for additional compensation for services in such matters. [Edwards v. City of Kirkwood, 162 Mo. App. 576, 579, 142 S. W. 1109.]

In the case of Robinson v. Huffaker, 23 Idaho, 173, 129 Pac. 334, 337, the defendant, who was a county commissioner and acting for the county as such, and drawing fees as such, was declared not entitled to additional pay for services rendered in inspecting roads and bridges. The court held that where one accepts an office with compensation fixed by law, he has no legal claim for extra compensation, and a promise by the county board to pay him an extra fee was not binding, though he had rendered services and exercised a degree of diligence greater than could legally have been required.

In the case of City of Indianapolis v. Lampkin (Ind.), 112 N. E. 833, it was held that a city clerk could not be paid extra compensation for preparing an index of council proceedings, since such work was an incident to the office and was an official duty.

Section 2089, Revised Statutes 1929 (Mo. Stat. Ann., sec. 2089, p. 2663) provides, "No judge of any county court in the State shall, directly or indirectly become a party to any contract to which such county is a party, or to act as any road or bridge commissioner, either general or special. . . ." The succeeding section provides a penalty by a fine or jail imprisonment for the violation of said section.

The alleged agreement between appellant and the county court, of which appellant was a member, was void under the express terms of the statute.

In the case of Seaman v. Levee District, 219 Mo. 1, 117 S. W. 1084, the plaintiff was one of the commissioners of a levee district, and secretary of the board, and the board of commissioners of the district made a contract with plaintiff to do the engineering work. In a suit to recover upon unpaid warrants issued to him, it was held that he could not recover for his services since a statute provided that no commissioner should be interested in any contract for construction work in the drainage district. The fact that the work was done and reasonably worth the contract price and had been accepted as satisfactory did not aid plaintiff.

In the case of Boyd County v. Arthur, 118 Ky. 932, 26 Ky. Law Rep. 906, 82 S. W. 613, 614, the fiscal court of said county had appointed each of its members to supervise the construction and maintenance of roads in his district and fixed an allowance of $3 per day. A statute prohibited a member of the court from being interested in a contract with the county. The court said: "The members of the fiscal court are the representatives of the county charged with the duty of protecting its interests. . . . There is no principle better settled than that a trustee will not be allowed to occupy a dual position, and that, where he is charged with the protection of his *cestui que trust*, he cannot place himself in a position where his personal interests may be antagonistic to the interests of the *cestui que trust*. If he does this, it is a breach of his trust. The statutes we have

referred to have the same end in view when they forbid the members of the fiscal court being interested in any contract or work, and in providing that they may appoint one supervisor for the whole county and exercise supervision over him.'' The court held: ''The fiscal court has no authority to allow its members any other compensation than that fixed by law.''

Appellant's alleged contract was also void as against public policy regardless of the statute. A member of an official board cannot contract with the body of which he is a member. The election by a Board of Commissioners of one of its own members to the office of clerk and agreement to pay him a salary was held *void as against public policy.* [Town of Carolina Beach v. Mintz, 212 N. C. 578, 194 S. E. 309; 46 C. J. 1037, sec. 308.]

Plaintiff sued appellant for money had and received by appellant to plaintiff's use. This action is a favorite of the law. [Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, 288, 94 S. W. 527, 535.] The action lies whenever one person has received money belonging to another which in equity and good conscience he ought to pay to the owner. [Continental Casualty Co. v. Pleitsch (Mo. App.), 111 S. W. (2d) 956, 958.] When a public official wrongfully receives public funds, although paid to him under an honest mistake of law, he must restore such funds. [Lamar Township v. City of Lamar, 261 Mo. 171, 187, 169 S. W. 12; State ex rel. Barker v. Scott, 270 Mo. 146, 153, 192 S. W. 90; State ex rel. Buder v. Hackmann, 305 Mo. 342, 265 S. W. 532, 536; State ex rel. Jarvis v. Dearing (Mo. App.), 274 S. W. 477; Atchison County v. DeArmond, 60 Mo. 19.]

The rule is stated in 15 Corpus Juris, 509, section 176, as follows: ''Money paid to a county officer to which he is not entitled by law may be recovered back, without previous demand, in an action for money had and received instituted by the county.''

The rule is also stated as follows: ''As a general rule any compensation paid to a public official by the state or other governmental body not authorized by law, or in excess of the compensation authorized by law, may be recovered by the proper governmental body. . . .'' [46 C. J. 1030, sec. 285.]

In the case at bar appellant was sued as an individual and not as an official or in any representative capacity. Plaintiff established that appellant was at the time in question presiding judge of the county court; that appellant billed the county court for services; and that he obtained the payment of funds far in excess of his lawful salary and fees as a county official. It was established that he was a member of the court which audited and approved his statements. It was admitted that warrants were issued and paid, and the said public funds received by defendant. This was sufficient to make a prima facie case for plaintiff and was substantial evidence to support the allegations of the petition and the findings of the Referee.

When public funds are traced into the hands of a public official under the circumstances shown by the record in this case, and it is established that such funds, have been paid to him for an amount in excess of his lawful compensation as such public officer, and that the receipt of such excess funds in any other capacity was incompatible with his official position, the evidence is sufficient to make a prima facie case for plaintiff. Plaintiff was entitled to recover unless defendant could show a legal or equitable right for retaining the excess. [Sidebottom v. Sidebottom, 215 Mo. App. 513, 255 S. W. 353, 356; Sanitary Co. v. Reed, 179 Mo. App. 164, 172, 161 S. W. 315.] In the case of Richardson v. Drug Co., 92 Mo. App. 515, 533, the court said: " 'Whenever one man has in his hands the money of another, which he ought to pay over,'he is liable to this action, although he has never seen or heard of the party who has the right. When the fact is proved that he has the money, if he cannot show that he has legal and equitable ground for retaining it, the law creates the privity and the promise. . . .' As plaintiff's case stood at the close of the testimony, it appeared the Insurance Company had paid money to which he (plaintiff) was prima facie entitled, to the defendant. Whatever right the defendant had to keep the money was matter of defense, which, in this form of action, was entirely available to it, whether the right under which it was heard was legal or equitable."

Plaintiff having established that defendant received public funds which were in excess of his salary the burden was on defendant to show his right to retain the excess funds over his compensation as established by law. This he attempted to do, as we have seen.

 Appellant assigns error on the Referee's refusal to permit him to show that he had an understanding or contract with the county court, of which he himself was a member, that he be employed by the county at a salary of $5 per day and mileage and in connection with the looking after business which was directly under the supervision of the county court. Appellant being denied this offer of proof during the cross-examination of one of plaintiff's witnesses, stood on his demurrer at the close of plaintiff's case. The offer was properly denied. Any such contract between the county court and appellant was void as against public policy and by the express terms of the statute. [Sec. 2089, R. S. Mo., supra; 46 C. J. 1037, sec. 308; 46 C. J. 1038, sec. 309.]

We therefore rule the assignments of error against appellant.

 Under points and authorities and under argument, but not referred to under the head of assignments of error, appellant contends that the action is ex delicto and is based on payments charged to have been made illegally, wrongfully and without authority of law, and that therefore the action was not referable to a Referee. Appellant charges that he was illegally denied the right of trial by jury.

The Bill of Exceptions shows no objection or exception to the order of court appointing a Referee. [Kline Cloak & Suit Co. v. Morris, supra.] The order was made at the October Term, 1936. The report was filed, confirmed and judgment entered for plaintiff at the April Term, 1937. No demand was made for a jury trial. No motion in arrest of judgment was filed. The matter first appears in the record in the exceptions to the Referee's report and in the motion for a new trial. The matter is not before us for review. The contention is overruled.

The judgment is affirmed. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur, except *Hays, P. J.,* absent.