STATE of Missouri ex inf. John C. DANFORTH, Attorney General, Appellant,

v.

Ruben A. SCHAPELER, Respondent.

No. KCD 27386.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Motion for Rehearing and/or Transfer Denied Aug. 2, 1976.

Application to Transfer Denied Sept. 13, 1976.

John C. Danforth, Atty. Gen., Harvey M. Tettlebaum, Karen M. Iverson, Asst. Attys. Gen., Jefferson City, for appellant.

Edward J. Murphy, Inc., Butler, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

The issue is whether appellant produced sufficient evidence to make a prima facie case that respondent's official domicile was in Jefferson City, Missouri, while he was Director of the Dairy Division, Department of Agriculture, after his appointment January 1, 1969, so that the state may recover some $6,000.00, reimbursement for travel, lodging and meals, etc., incurred in Jefferson City, allegedly wrongfully paid under the state's travel regulations.

Trial was to the court without a jury, and at the close of appellant's evidence, the court sustained respondent's "motion for directed verdict" (treated here as a motion for judgment), and entered judgment for respondent.

Appellant's amended petition is in two counts. Count I pleads that respondent was appointed by the Commissioner of the Department of Agriculture to the post of Director of the Dairy Division and was thereafter continuously employed by the Department with his office at 100 East Capitol, Jefferson City, Cole County, Missouri: That during his employment appellant submitted monthly expense account forms which on the reverse referenced the travel regulations promulgated by the state comptroller July 1, 1965; That throughout his employment respondent's "actual working or headquarters location has been 100 East Capitol, Jefferson City, Missouri, the headquarters of the Department of Agriculture and the location of his office", and, conclusionarily, his official domicile had been in Jefferson City, his residence being in Butler, Missouri; That in violation of the travel regulations, respondent obtained reimbursement for "a. Travel directly from Butler, Missouri to Jefferson City, Missouri. b. Travel directly from Jefferson City, Missouri to Butler, Missouri. c. Food and lodging while in Jefferson City, Missouri. d. Parking while in Jefferson City, Missouri. e. Travel from Butler, Missouri to other cities in Missouri and thence to Jefferson City, Missouri. f. Travel from Jefferson City, Missouri to other cities in Missouri and thence to Butler, Missouri."; That respondent is a constructive trustee of the money received by him, and the prayer is that respondent be ordered to account for the receipts and that judgment be given for amounts found to be due. Count II alleges that respondent submitted improper claims for expense reimbursement, receiving $6,000.00 therefor, for which judgment and interest were prayed.

The travel regulations as here pertinent provide: "Rule 8(A). 'Officials and employees shall be allowed hotel and meal

expenses when required to travel away from their official domiciles.' Rule 12. 'An officer or employee whose residence is in some other place than his official domicile will not be allowed expenses while at such residence or traveling to and from the same. Any additional expense incurred by reason of an employee or official residing in a city or town other than his official domicile is not reimbursable. The location of the official domicile is to be selected on the basis of the actual working or headquarters location as best serves the interest of the State and not for the convenience or benefit of the employee. Place of official domicile must be listed on the expense account.' Rule 13. 'No officer or employee of the State whose residence is in Jefferson City or who is continuously employed at the seat of government will be allowed expense for hotel or meals in Jefferson City, unless otherwise provided for by the laws of this State.' "

The evidence submitted to the court was very brief. Each of the monthly expense account forms submitted by respondent was signed by him under the title "Director—Dairy Division" and each listed his official domicile as Butler, Missouri. All but one were approved by Dexter D. Davis, Commissioner of Agriculture. The one exception was approved by respondent.

Admissions in respondent's deposition, claimed to be against his interest, were received. Respondent was provided with an office by someone on the 13th floor of the Jefferson Building since January, 1969. There was a phone in the office, Area Code 314, 636–7166, Extension 38. Respondent was provided a secretary by his employer, and "Question, * * * 'Okay. Is this secretary for your current occupation that you have described?' The answer is: 'She is, yes, sir. We—I have two secretaries in the office for myself and the two chief inspectors.'" * * * " 'I say, we have two secretaries in the office. They work for me, in addition to my two chief inspectors. I have a chief inspector in the milk price control division, and one we call in our, its quality, but if you want manufac-

tured milk primarily, but in the dairy products.' * * * Question * * * 'During the period in question, which is January, 1969, through August, 1970, just in your best approximation, how many nights a week, I'm including the full week, would you say you spent at 607 West Dakota?' Answer: 'We're taking a year and a half?' Question: 'Yes, sir, on an average, per week average.' Answer: 'Per week average, it would average three.' Question: 'That includes weekends?' Answer: 'Yes, sir.' "

Appellant relies upon the evidence that respondent was provided an office in Jefferson City, with a telephone, and a secretary; that he spent only three nights a week, including weekends, in Butler; and that the monthly expense accounts show that "Of the average 21.3 days per month for which reimbursement for travel expenses was sought by respondent, an average of 16.3 days per month or 76.5 percent of the days for which reimbursement was sought, were listed by respondent, himself, on his expense account as being spent partially or wholly in Jefferson City, Missouri", to establish that his official domicile was in that seat of government, rather than in Butler, Missouri. Appellant says also "that respondent did precisely what was prohibited, that is, claiming expenses for travelling to and from his official domicile and choosing an official domicile—Butler, Missouri—by ignoring his 'actual working or headquarters location as best serves the interest of the state.' " There is no evidence as to precisely what respondent's duties were from which a conclusion could be drawn that the nature of those duties, *in the best interest of the state*, required them to be performed in Jefferson City as a mandatory official domicile. There is no evidence as to which function respondent's secretary (or the two secretaries) was with reference to respondent's unknown duties. There is no evidence as to what person selected an official domicile for respondent's position, but since the Commissioner of Agriculture approved the expense accounts with the list official domicile "Butler, Missouri" as required by the preamble to the travel regula-

tions, it can only be assumed that someone in authority designated that domicile from which respondent's duties could best be performed in the best interest of the state.

The monthly expense accounts show that not only did respondent travel from Butler to Jefferson City, but that they did also show other extensive travelling throughout the state, originating the travel in both locations; and there was considerable out of state travelling. There was no showing what respondent was doing during any of that time.

 Appellant cites *Nodaway County v. Kidder*, 344 Mo. 795, 129 S.W.2d 857 (1939). That case has no bearing on the case at bar. There a county judge, whose compensation was fixed by statutes, received payment for extra services rendered to the county pursuant to a claimed contract, held void as against public policy as being incompatible with his official position. Here, the only basis for appellant to recover would be to prove that respondent's actual working or headquarters location, and hence his "official domicile" was in Jefferson City, and as above said, the evidence fails to prove that essential element. Nor is the statement in *State ex rel. Carman v. Sims*, 145 W.Va. 289, 115 S.E.2d 140, 143[3, 4] (1960), that "[I]n the absence of an applicable statutory provision, or a valid regulation adopted pursuant thereto, the rule seems to be that an official or employee of a state, * * * is presumed to have his headquarters at the state capitol * * *" of aid to appellant. There the official station of the employee claiming reimbursement was, pursuant to regulation, established by the department head. Here the travel regulations do not specify who shall select the official domicile, but only that it shall be done "on the basis of the actual or headquarters location as best serves the interest of the State and not for the convenience or benefit of the employee." Thus, evidence is required to prove the quoted portion of the regulation, and no presumption may be indulged by appellant to make his case. All that there is in this case is a suspicion that respondent's actual or head-quarters location was in Jefferson City, and not Butler, Missouri, and any designation of Butler as his official domicile, was improperly done. A suspicion, and speculation or conjecture, are insufficient bases to hold that appellant made a prima facie case.

The judgment is affirmed.

All concur.