Dear Dr. Antonio:
This opinion is in response to your questions asking:
 1. Was a member of the State Tax Commission who left the commission in February, 1978 entitled to the payment of accrued annual leave upon leaving the commission?
 2. Was a member of the State Tax Commission who left the commission in March, 1979 entitled to the payment of accrued annual leave upon leaving the commission?
 3. Was a member of the State Board of Probation and Parole who left the board in April, 1980 entitled to the payment of accrued annual leave upon leaving the board?
 4. Is a department director whose salary is specified in Section 105.950, RSMo Supp. 1981 entitled to the payment of accrued annual leave upon his termination as department director?
Because the first three questions presented deal with the legality of past payments of money to public officials, this office does not believe that the opinion process is the appropriate forum to address these issues.
Section 27.060, RSMo 1978, states in part:
 The attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary; . . . .
This office shall investigate the factual background behind the first three questions asked and determine if a collection action is in the best interest of the state.
The fourth question does not involve a specific factual background, and we believe this question may be properly addressed through the opinion process.
Section 36.350, RSMo Supp. 1982, relating to sick and annual leave states:
 The regulations shall provide for the hours of work, holidays, attendance, and leaves of absence in the various classes of positions subject to this law. They shall contain provisions for annual leave, sick leave, and special leaves of absence, with or without pay, or with reduced pay, and may allow special extended leaves for employees disabled through injury or illness arising out of their employment, and the accumulation of annual leave and sick leave. Such regulations shall apply in all state agencies. [Emphasis added.]
The above-emphasized language was first introduced into the law by C.C.S.H.B. 673, 1979 Mo. Laws 213, 225-226. In Opinion No. 46, Bradford, 1980, this office concluded that the above-emphasized language makes regulations promulgated by the Personnel Advisory Board pursuant to Section 36.350, RSMo Supp. 1979, applicable to all state agencies, except the University of Missouri.
1 CSR 20-5.020(1)(A) and (E) state:
 (1) Annual leave or vacation in the classified service shall be governed by the following provisions:
 (A) Each provisional, probationary, or regular employee shall be entitled to annual leave or vacation with full pay computed at the rate of one and one-fourth (1 1/4) working days for each calendar month of service during at least fifteen (15) working days of which month such employee has been in pay status.
. . .
 (E) An employee entitled to annual leave who has resigned in good standing or whose services have been otherwise terminated, shall be entitled to receive reimbursement for all such accrued leave computed and paid on the same basis as regular employees remaining in the service, except in cases of proven theft, destruction or willful abuse of state property. [Emphasis added.]
The right of public officers to compensation is purely a creature of statute, and such compensation statutes are strictly construed against the public officer. See, e.g., Becker v. St. Francois County, 421 S.W.2d 779, 782 (Mo. 1967); Felker v. Carpenter, 340 S.W.2d 696, 701 (Mo. 1960); Nodaway County v. Kidder, 344 Mo. 795, 801, 129 S.W.2d 857, 860 (1939); State ex rel. Igoe v. Bradford, 611 S.W.2d 343, 350 (Mo.App. 1980).
Section 105.950, RSMo Supp. 1981 (now, RSMo Supp. 1982), states:
 The commissioner of administration, the director of the department of agriculture, the director of the department of consumer affairs, regulation and licensing, the director of the department of labor and industrial relations, the director of the department of natural resources, the director of the department of public safety, the director of the department of revenue, and the director of the department of social services shall receive an annual salary of forty thousand dollars payable out of the state treasury.
Strictly construed, as Missouri appellate decisions require, this statute creates a right of compensation of a certain amount of money. The statute mentions nothing of annual leave benefits. If the heads of departments were entitled to compensation for annual leave benefits, their compensation would, in our opinion, exceed the statutory rate specified by the General Assembly.
CONCLUSION
It is the opinion of this office that officials whose salary and compensation is specified in Section 105.950, RSMo Supp. 1982, are not entitled to payment of accrued annual leave upon termination as department director.
Very truly yours,
 JOHN ASHCROFT Attorney General