Dear Senator Caskey:
This opinion is in response to your question asking:
 Whether a court reporter who is a member of the Missouri State Employees' Retirement System is entitled to include unused accumulated sick leave to determine his length of service and consequently, should the Office of State Courts Administrator certify such unused leave to the Missouri State Employees' Retirement System?
Section 104.601, RSMo Supp. 1982, states:
 Any member retiring under the provisions of chapter 104 or any member retiring under provisions of chapter 169, RSMo, who is a member of the public school retirement system and who is employed by a state agency other than an institution of higher learning, after working continuously until reaching retirement age, shall be credited with all his unused sick leave as certified by his employing agency. When calculating years of service, each member shall be entitled to one-twelfth of a year creditable service for each eighty-four days of unused accumulated sick leave earned by him. The rate of accrual of sick leave for purposes of computing years of service as this section applies to legislative, executive and judicial employees shall be consistent with the rate of accrual as specified by regulations of the personnel advisory board pursuant to section 36.350, RSMo. Nothing under this section shall allow a member to vest in the retirement system by using such credited sick leave to reach the time of vesting. [Emphasis added.]
We believe the central issue is whether official court reporters earn sick leave.[1]
Section 36.350, RSMo Supp. 1982, relating to sick and annual leave, states:
 The regulations shall provide for the hours of work, holidays, attendance, and leaves of absence in the various classes of positions subject to this law. They shall contain provisions for annual leave, sick leave, and special leaves of absence, with or without pay, or with reduced pay, and may allow special extended leaves for employees disabled through injury or illness arising out of their employment, and the accumulation of annual leave and sick leave. Such regulations shall apply in all state agencies. [Emphasis added.]
The above-emphasized language was first introduced into the law by C.C.S.H.B. 673, 1979 Mo. Laws 213, 225-226. In Opinion No. 46, Bradford, 1980, this office concluded that the emphasized language make the regulations promulgated pursuant to Section36.350, RSMo Supp. 1979, applicable to all state agencies, except the University of Missouri. The circuit courts are state agencies, see Opinion No. 7-83, Antonio, 1983, and it would appear that such rules apply to circuit court personnel.[2]
 1 CSR 20-5.020(2) (B) states:
 Each provisional, probationary, or regular employee shall be entitled to sick leave with full pay computed at the rate of one and one-fourth (1 1/4) working days for each calendar month of service during at least fifteen (15) working days of which month such employee has been in pay status. All such leave shall be credited any time between the twentieth day of the month and the last day of the month in which it accrues. Such leave shall not be credited to employees who have ceased duty preliminary to separation from the classified service. In all cases where an employee has been absent on sick leave he shall immediately upon return to work submit a statement that such absence was due to illness, disease or disability and, in cases where such absence exceeds five working days, such statement shall be in writing signed by a person legally authorized to treat persons suffering from the illness, disease or disability for which sick leave may be granted under these rules and who treated the employee during such period. For lesser periods of absence the appointing authority may, in his discretion, require such evidence of illness as he deems necessary.
We conclude, for reasons discussed below, that official court reporters are not entitled to sick leave under this rule.
The right of public officers to compensation is purely a creature of statute. Such compensation statutes are strictly construed against the public officer. See, e.g., Becker v. St. Francois County, 421 S.W.2d 779, 782 (Mo. 1967); Felker v. Carpenter, 340 S.W.2d 696, 701 (Mo. 1960); Nodaway County v. Kidder, 344 Mo. 795, 801, 129 S.W.2d 857, 860 (1939); State ex rel. Igoe v. Bradford, 611 S.W.2d 343, 350 (Mo.App. 1980).
The statute establishing the salary of official court reporters is Section 485.060, RSMo Supp. 1982,[3] which states:
 Each court reporter for a circuit judge shall receive an annual salary of twenty-three thousand seven hundred ninety dollars plus any salary adjustment provided by section 476.405, RSMo, payable in equal monthly installments on the certification of the judge of the court or division in whose court the reporter is employed. When paid by the state the salaries of such court reporters shall be paid in semi-monthly or monthly installments, as designated by the commissioner of administration.
Strictly construed, as Missouri appellate decisions require, this statute creates a right of compensation of a certain amount of money. Nothing is mentioned about annual or sick leave benefits. If official court reporters were entitled to compensation for annual or sick leave benefits, their compensation would improperly exceed the statutory rate specified by the General Assembly.
We also note that court reporters have irregular hours. If a court proceeding lasts late into the night, it is the recorder's duty to attend such sessions under the direction of the judge thereof. Section 485.050, RSMo 1978. Court reporters may not "quit" after putting in their "forty hours". Therefore, there is a practical difficulty in calculating sick leave entitlements for those officials who may not serve regular forty-hour-per-work weeks.
CONCLUSION
It is the opinion of this office that officers who are compensated at specific rates pursuant to statute, e.g., official court reporters, do not accumulate sick leave pursuant to Section36.350, RSMo Supp. 1982, and 1 CSR 20-5.020(2) (B). Accordingly, the State Courts Administrator need not certify any amount of unused sick leave pursuant to Section 104.601, RSMo Supp. 1982, for such court reporters.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] In Hawkins v. Missouri State Employees' Retirement System,487 S.W.2d 580 (Mo.App. 1972), the court held that official court reporters appointed pursuant to Section 485.040, RSMo 1969 (now, RSMo 1978), are employees of the State who are employed by a department within the meaning of Section 104.310(15), RSMo 1969 (now, Section 104.310(20)(a), RSMo Supp. 1982). Therefore, official court reporters are treated as members of the Missouri State Employees' Retirement System.
In Opinion No. 20-83, Hackwood, 1983, we interpreted the words "after working continuously until reaching retirement age" in Section 104.601, RSMo Supp. 1982, to mean that an employee who works continuously until he or she is eligible to retire under Chapter 104, RSMo 1978 and Supp. 1982, may qualify for this sick leave credit.
[2] Article V, Section 4, Missouri Constitution, grants the Supreme Court of Missouri supervisory authority over all courts. Pursuant to this authority, the court has promulgated Missouri Supreme Court Administrative Rule No. 7 (hereinafter sometimes referred to as "Rule 7"). Certain sick leave rules are specified in Rule 7.01.C.4.1 .2.
We believe that Rule 7 does not govern the sick leave benefits of official court reporters for two reasons:
First, Rule 7.01 states that the rule applies only "to the employees of the circuit court whose positions are funded by the state of Missouri pursuant to Sections 483.245 and 485.010, RSMo." Official court reporters are not paid a salary pursuant to either of those two statutes.
Second, Rule 7.01.C states that the rule describes authorized benefit and leave policies not otherwise provided by statute. Due to the 1979 amendment to Section 36.350, RSMo Supp. 1982, making the sick leave rules promulgated thereunder applicable to all state agencies, including the circuit courts, sick leave benefits for circuit court personnel are provided by statute. Therefore, the sick leave provisions of Rule 7 do not apply.
[3] There may be other statutes providing for compensation to official court reporters, e.g., Section 485.100, RSMo 1978. We are, however, not aware of any statute specifically authorizing official court reporters to receive sick leave benefits or requiring official court reporters to work a certain number of hours per week.