Dear Mr. Perry:
This letter is in response to your request for an opinion of this office asking as follows:
 Do the statutory salary increases provided for juvenile court personnel in Section 211.381, RSMo., effective August 13, 1984 absorb and incorporate or increase and add to salary adjustments under Section 476.405, RSMo., which were previously provided to juvenile court personnel in a second class county within a two county judicial circuit.
You also state in your statement of facts:
 Juvenile court personnel are authorized a pay increase under Section 211.381, RSMo., effective August 13, 1984. These personnel have previously received incremental salary adjustments under Section 476.405, RSMo., in accord with the following schedule:
 A) July, 1983 $20.00 per month B) July, 1984 7% of existing statutory salary and prior cost of living raise.
Further correspondence with you indicates that the crux of the problem to which you refer is contained in a paragraph of a letter from the Office of Administration, dated August 14, 1984, as follows:
 A new statutory salary is effective January 1, 1985, in the amount of $18,650.00 for Chief Deputy Juvenile Officers. Reimbursement for 1985 will be this statutory salary plus any subsequent increases in 1985 but no previous increases. The reimbursements are not based on statutory amounts plus past salary increases.
The 82nd General Assembly passed two sections amending Section211.381, RSMo Supp. 1983.
Senate Bill 694, 82nd General Assembly, Second Regular Session, effective August 13, 1984, except as provided therein, provides as follows:
 1. In each judicial circuit the following employees of the juvenile court shall annually receive as compensation the following amounts:
 (1) One juvenile officer, eighteen thousand six hundred ninety dollars;
 (2) One chief deputy juvenile officer and the chief officer assigned to courts of domestic relations, sixteen thousand six hundred fifty dollars; for calendar year 1985, eighteen thousand six hundred fifty dollars; beginning January 1, 1986, twenty thousand six hundred fifty dollars;
 (3) Deputy juvenile officer, class 1, fourteen thousand six hundred ten dollars; for calendar year 1985, sixteen thousand three hundred ten dollars; beginning January 1, 1986, eighteen thousand ten dollars;
 (4) Deputy juvenile officer, class 2, thirteen thousand eighty dollars; for calendar year 1985, fourteen thousand five hundred eighty dollars; beginning January 1, 1986, sixteen thousand eighty dollars;
 (5) Deputy juvenile officer, class 3, eleven thousand five hundred dollars; for calendar year 1985, twelve thousand nine hundred fifty dollars; beginning January 1, 1986, fourteen thousand three hundred fifty dollars;
 (6) Deputy juvenile officer, class 4, ten thousand twenty dollars; for calendar year 1985, eleven thousand three hundred twenty dollars; beginning January 1, 1986, twelve thousand six hundred twenty dollars.
 2. Such employees of the juvenile court shall receive in addition to any salary provided by this section any salary adjustment paid to employees in the judicial department.
 3. Actual expenses, including mileage allowance not to exceed that amount allowed state officers for each mile traveled on official business but exclusive of office expense, incurred by the employees while in the performance of their official duties shall be reimbursed to them out of county or city funds upon the approval of the judge of the juvenile court.
House Committee Substitute for Senate Bill 581, 82nd General Assembly, Second Regular Session, also amended Section 211.381, effective January 1, 1985 except as provided therein, as well as other sections not relevant here, providing as follows in pertinent part:
 1. In each judicial circuit the following employees of the juvenile court shall annually receive as compensation the following amounts:
 (1) One juvenile officer, twenty-one thousand six hundred ninety dollars beginning on January 1, 1985, until December 31, 1985, and beginning on January 1, 1986, an annual sum not to exceed twenty-four thousand six hundred ninety dollars;
 (2) One chief deputy juvenile officer and the chief officer assigned to courts of domestic relations, sixteen thousand six hundred fifty dollars;
 (3) Deputy juvenile officer, class 1, fourteen thousand six hundred ten dollars;
 (4) Deputy juvenile officer, class 2, thirteen thousand eighty dollars;
 (5) Deputy juvenile officer, class 3, eleven thousand five hundred fifty dollars;
 (6) Deputy juvenile officer, class 4, ten thousand twenty dollars.
 2. Such employees of the juvenile court shall receive in addition to any salary provided by this section any salary adjustment provided pursuant to section 476.405, RSMo.
 3. Actual expenses, including mileage allowance not to exceed that amount allowed state officers for each mile traveled on official business but exclusive of office expense, incurred by the employees while in the performance of their official duties shall be reimbursed to them out of county or city funds upon the approval of the judge of the juvenile court.
 4. In second, third and fourth class counties the compensation for employees of the juvenile court provided by this section is the total amount of compensation the employee shall receive for duties pertaining to the juvenile court and includes the compensation provided by any other provision of law.
We note at the outset that H.C.S.S.B. 581 did not repeal S.B. 694. Therefore, both enactments must be read together.
Section 476.405.1, RSMo Supp. 1984, provides in pertinent part:
 Within the limits of any appropriation made for this purpose, the salary fixed by sections 211.381, 211.393, 477.130, 478.013, 478.018, 483,083, and 485.060, RSMo, may be adjusted in any one year by a salary adjustment.
In our view the quoted provisions clearly set out the compensation of certain juvenile court personnel effective January 1, 1985. There is no provision for any carry over, either express or implied, in the salary adjustments provided prior to that date. To the contrary, it appears that past adjustments were absorbed into the new statutory salaries.
It is axiomatic that provisions relative to officers' compensation must be strictly construed, Nodaway County v. Kidder,129 S.W.2d 857 (Mo. 1939). Therefore, in our view, the only effective salary provided would be that which is expressly authorized by statute. For example, as of January 1, 1985, the salary of the chief deputy juvenile officer, pursuant to Section 211.381.1(2), S.B. 694, is $18,650.00 for the calendar year 1985 plus any salary adjustments for the year 1985.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General