Dear Senator Strong:
This opinion is in response to your questions asking:
 1. Because section 175.021, RSMo 1986, states that the student representative to the Lincoln University Board of Curators shall attend all meetings and participate in all deliberations, except for legally closed meetings and for voting, and because section 175.020, RSMo 1986, refers to the student as a "student curator," is the role of the student member of the board that of a curator, with limitations placed in law, or is the role of the student member one that may be defined and restricted by the other voting members of the board?
 2. Section 175.020, RSMo 1986, states that the student member of the board shall receive actual expenses, but section 175.021, RSMo 1986, declares that the student shall receive no compensation or reimbursement. Is the student member of the Lincoln University Board of Curators eligible to receive reimbursement for actual expenses?
 3. Does a conflict of interest exist if the student member of the Board of Curators obtains part-time employment at minimum wage in a Lincoln University academic department as a research assistant and departmental tutor?
 4. Because section 175.020, RSMo 1986, clearly states that the Lincoln University Board of Curators shall consist of nine members and further states that at least one curator shall be a full-time student at the university, has the number of curators been increased from nine members to ten or is the total, including the student member, still nine members?
Answers to these questions depend on an interpretation of certain sections of Chapter 175, RSMo 1986. When interpreting statutes, we are governed by the following principles:
 The legislative intent behind a statute is to be determined from the language used and the words are to be taken in their plain and ordinary meaning. [Citation omitted.] The legislature is presumed to have intended what a statute says and if the language is clear and unambiguous there is no room for construction. [Citations omitted.] State v. Nevels, 712 S.W.2d 688, 689-690 (Mo.App. 1986).
 This Court must be guided by what the legislature said, not by what the Court thinks it meant to say. Metro Auto Auction v. Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986).
The relevant statute relating to the board of curators of Lincoln University is Section 175.020, RSMo 1986, which provides:
 175.020. Board of curators — qualifications. — The board of curators of Lincoln University of Missouri shall hereafter consist of nine members who shall be appointed by the governor, by and with the advice and consent of the senate. No person shall be appointed a curator who shall not be a citizen of the United States and who shall not have been a resident of the state of Missouri two years next prior to his appointment. Not more than five curators shall belong to any one political party. At least one curator shall be a full-time student at Lincoln University. The student curator while attending the meetings of the board, shall receive his actual expenses, which shall be paid out of the university's ordinary revenue, notwithstanding any other provision of law which may have been adopted. [Emphasis added.]
The statute relating to the "student representative" is Section 175.021, RSMo 1986, which provides:
 175.021. Nonvoting student representative appointed to board of curators — term — qualifications — vacancy — limit — actions — removal from office. — 1. The governor shall, by and with the advice and consent of the senate, appoint a student representative to the board of curators of Lincoln University, who shall attend all meetings and participate in all deliberations of the board, except any meeting, record or vote closed under the provisions of section 610.025, RSMo. Such student representative shall not have the right to vote on any matter before the board.
 2. Such student representative shall be a full-time student at the university as defined by the board, selected from a panel of three names submitted to the governor by the student government association of the university, a citizen of the United States, and a resident of the state of Missouri. No person may be appointed who is not actually enrolled during the term of his appointment as a student at the university.
 3. The term of the student representative shall be two years, except that the person first appointed shall serve until January 1, 1989.
 4. If a vacancy occurs for any reason in the position of student representative, the governor shall appoint a replacement who meets the qualifications set forth in subsection 2 of this section and who shall serve until his successor is appointed and qualified.
 5. If the student representative ceases to be a student at the university, or a resident of the state of Missouri, or fails to attend any regularly called meeting of the board of which he has due notice, his position shall at once become vacant, unless his absence is caused by sickness or some accident preventing his arrival at the time and place appointed for the meeting.
 6. The student representative shall receive no compensation or reimbursement for expenses.
 7. The student representatives of all public colleges and universities shall have paid all student and tuition fees due prior to said appointments and shall pay all future student and tuition fees during the term of office when said fees are due.
The language of these sections is clear and unambiguous. Section 175.020 and Section 175.021 provide for two different positions to be filled by full-time students. Section 175.020
provides that one of the nine curators must be a "full-time student at Lincoln University". That curator must, in addition to being a full-time student at Lincoln University, meet the other qualifications for a curator set out therein: he must be a United States citizen; he must have been a resident of Missouri for two years prior to his appointment; and any membership which he has in a political party will be considered toward the requirement that no more than five of the curators may belong to the same political party. The conclusion that the legislature intended that one of the curators be a full-time student is reinforced by the fact that the underlined portion of the above-quoted Section 175.020 was added by way of amendment to that section. See Laws of Missouri, 1986, page 645.
 When the legislature has altered an existing statute (and here there has been a radical departure from the preexisting statute) such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act. [Citation omitted.] State v. Sweeney, 701 S.W.2d 420, 423 (Mo. banc 1985). [Parenthetical comment in original.]
In contrast, the qualifications of the "student representative", the term of office, the means of appointment and means of filling vacancies in the position are as provided in Section175.021 and differ radically from those pertaining to the "student curator". In particular, the student curator is as much a curator as are the other eight members of the board of curators and he has the same powers, duties and responsibilities, including but not limited to, voting on matters before the board and participating in all deliberations of the board including those meetings, records and votes which are closed under the state open meetings law. While the student representative has the right to participate directly in the deliberations of the board of curators at the open portion of its meetings, the student representative cannot vote and cannot attend the closed meetings, records and votes. Subsection 1 of Section 175.021. The student representative is not a member of the governing body of the University but simply a spokesperson for the student body.
Therefore, in answer to your first question, the "student curator" provided for in Section 175.020 has the same powers, duties and responsibilities as the other eight members of the board of curators. Furthermore, in answer to your fourth question, the "student curator" is one of nine members of the board of curators. He is not a tenth member. Section 175.020
provides for a board of curators made up of nine members and then goes on to describe their qualifications. The 1986 amendment simply added a qualification for one of the members. That amendment does not contain any language indicating that the "student curator" is in addition to the nine members provided for at the beginning of Section 175.020.
In regard to your second question, pursuant to Sections175.020 and 175.030, RSMo 1986, the "student curator" receives from the university's ordinary revenue his "actual expenses" incurred while attending the meetings of the board of curators. The person filling the "student representative" position under Section 175.021, however, receives no compensation or reimbursement for expenses. Section 175.021.6.
In regard to your third question, the "student curator" cannot be employed as a research assistant or departmental tutor in an academic department of Lincoln University but the "student representative" can. The employment of a member of the board of curators as an employee of the university would violate principles of public policy on conflicts of interest. This conclusion is based on the premise that the board of curators has the authority to employ and remove all personnel.
Lincoln University was established and operates in accordance with the provisions of Chapter 175, RSMo 1986. Section175.040, RSMo 1986, sets forth the power and authority of the governing body of the university known as the board of curators. That provision provides:
 175.040. Board to organize and have same powers as curators of state University of Missouri. — It is hereby provided that the board of curators of the Lincoln University shall organize after the manner of the board of curators of the state University of Missouri; and it is further provided, that the powers, authority, responsibilities, privileges, immunities, liabilities and compensation of the board of curators of the Lincoln University shall be the same as those prescribed by statute for the board of curators of the state University of Missouri, except as stated in this chapter.
As is readily apparent, the board of curators of Lincoln University literally "stands in the shoes" of the board of curators of the University of Missouri. Therefore, we must look at the statutory powers of the University of Missouri board of curators. These powers are found in Chapter 172, RSMo 1986. More specifically, Section 172.300, RSMo 1986, makes provision for the employment of faculty and employees of the University. This section provides in part:
 The curators may appoint and remove, at discretion, the president, deans, professors, instructors and other employees of the university; define and assign their powers and duties, and fix their compensation . . . .
This provision is extremely broad in its scope. However, it is clear from the wording that the board of curators of the University of Missouri, and therefore of Lincoln University, has the authority to employ and remove all personnel. Further, the board has the power to define specific duties and functions for its employees. It must be noted further that there are no exceptions to the powers of the board of curators of Lincoln University as provided in Chapter 175, RSMo 1986. It is clear then that in the employment of a research assistant or departmental tutor the board of curators is the employer.
Missouri courts have long held that it violates public policy on conflicts of interest for a member of a public board to enter into a contract with the entity of which he is a member. Nodaway County v. Kidder, 344 Mo. 795, 129 S.W.2d 857,861 (1939). An extended discussion of these principles is included within Missouri Attorney General Opinion No. 465, Norbury, 1966, a copy of which is enclosed. Applying these principles to your question, the "student curator" cannot be employed in a Lincoln University academic department in the manner proposed because he would be employed by the board of which he is a member.
The "student representative" under Section 175.021, however, has no such conflict of interest because the student representative is not a member of the board of curators and, therefore, is not a member of the employing entity. The student representative does not take part in the governance of the university in the manner that a member of the board would. In particular, the student representative cannot vote. Since the student representative is not a member of the board which is the employer of research assistants and departmental tutors, there is no conflict of interest in the student representative being employed as such.
Conclusion
It is the opinion of this office that:
1. Section 175.020, RSMo 1986, requires that one of the nine members of the board of curators of Lincoln University be a full-time student at Lincoln University and this "student curator" is vested with the same powers, duties and responsibilities as are the other eight members of the board of curators.
2. The "student curator", pursuant to Sections 175.020
and 175.030, RSMo 1986, receives from the ordinary revenues of the university his actual expenses for attending the meetings of the board of curators; however, the "student representative" under Section 175.021, RSMo 1986, is prohibited by subsection 6 of that section from receiving expenses.
3. The "student curator" is prohibited from entering into employment as a research assistant or departmental tutor in one of the academic departments at Lincoln University; however, there is no such prohibition in regard to the "student representative" entering into such employment.
4. The board of curators at Lincoln University consists of nine members, and no more; one of those members being the "student curator" provided for in Section 175.020, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 465, Norbury, 1966