The Honorable Phil Smith Representative, District 16 State Capitol Building, Room 115-F Jefferson City, Missouri 65101
Dear Representative Smith:
This opinion is in response to your questions asking:
 Is it legal for the Mayor of a Fourth Class City to collect, in addition to his salary, a payment for his expenses[1]
and an hourly payment for his work for the City on government grants, on street projects, for supervising park improvements, road improvements and repairs and for supervising improvements on the water and sewer facilities for the Fourth Class City?
 If it is permissible for the Mayor to perform those duties for that compensation, may he do so without first soliciting bids from other persons or businesses who provide similar services?
Missouri courts have followed the long-standing common law rule that "[a] member of an official board cannot contract with the body of which he is a member." Nodaway County v. Kidder,344 Mo. 795, 129 S.W.2d 857, 861 (1939).
 [T]he general rule is "that an officer of a public corporation cannot become personally interested in a contract with the board of which he is a member, or in a contract with such public corporation with reference to the performance of any labor or services as to which he has in any way a public duty to perform, either by overseeing or passing upon such labor, or auditing or allowing a claim therefor, or directing the payment thereof." Annotation 34 L.R.A., N.S., 129, 131; . . . .
Polk Tp., Sullivan County v. Spencer, 259 S.W.2d 804, 805 (Mo. 1953). See also Attorney General Opinion No. 86-87; Attorney General Opinion No. 141, Hall, 1975; Attorney General Opinion Letter No. 149, Argenbright, 1967; and Attorney General Opinion No. 465, Norbury, 1966, copies of which are enclosed.
In Hawkins v. City of Fayette, 604 S.W.2d 716 (Mo.App., W.D. 1980), the Court upheld a city ordinance increasing compensation of the mayor on the basis of additional duties named in the ordinance which were not germane and incidental to the office of mayor. The additional duties considered by the Court included budget preparation; "detailed work of making application for state and federal grants, making trips concerning them, assuming the lead in applying for them and reporting to the Board of Aldermen at its bi-monthly meetings on how he was progressing on them"; and detailed supervision of the operation of electric and water utilities. Id.,604 S.W.2d at 721-722.
In defining the issue for resolution, the Court stated:
 Mo. Const. Art. VII, § 13, provides that the compensation of a municipal officer shall not be increased during the term of office, and § 79.270, RSMo 1978, provides that the salary of an officer of the city shall not be changed during the time for which he was appointed or elected. The determinative issue is whether the duties above, prescribed by the Board of Aldermen, are within those ordinarily performed by a mayor of a fourth class city, i.e., were they incidental to and germane to that office, or were they, in fact, additional duties for which the Board of Aldermen could, through passage of an ordinance, legally provide extra compensation above the regular salary of the mayor?
[Emphasis added.]
Id., 604 S.W.2d at 719. The question of whether the mayor entering a contract to perform additional services to the city would violate public policy was not presented to nor considered by the Court in Hawkins. The Court in Hawkins did not overrule Nodaway County v. Kidder, supra, nor did it abandon the long-standing common law doctrine presented in that case. It simply did not address the question. Because the Court inHawkins did not address this long-standing common law doctrine, we do not consider the case as affecting the continued viability of the doctrine.
Based on the common law holding that the employment of an individual by a public body of which he is a member is void as against public policy, we conclude that the mayor of a fourth class city may not collect, in addition to his salary as mayor, an hourly payment for work for the city on government grants; on street projects; supervising park improvements, road improvements and repairs; and supervising improvements on the city's water and sewer facilities.
Because of our answer to your first question, we do not address your second question.
CONCLUSION
It is the opinion of this office that the mayor of a fourth class city may not collect, in addition to his salary as mayor, an hourly payment for work for the city on government grants; on street projects; supervising park improvements, road improvements and repairs; and supervising improvements on the city's water and sewer facilities.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 86-87 Opinion No. 141, Hall, 1975 Opinion Letter No. 149, Argenbright, 1967 Opinion No. 465, Norbury, 1966
[1] From the information you included with your opinion request, it appears the primary issue about which you are concerned is the hourly payment to the mayor for certain work. Because it is unclear whether the expense reimbursements to which your question relates are reimbursements for expenses which may relate to his duties as mayor, we do not address that aspect of your question relating to reimbursements for expenses.