Julia A. Roselle Daviess County Prosecuting Attorney 102 North Main Gallatin, MO 64640
Dear Prosecutor Roselle:
This opinion is in response to your questions asking:
 Under Section 190.339 of the Missouri Revised Statutes, can a member of the emergency services board, work as an employee of that board? Does it matter how many/few hours the individual works or the manner in which the individual is compensated for the work done (ie. payroll v. reimbursements)?
Section 190.339, RSMo Supp. 1998, to which your questions refer, provides in relevant part:
 190.339. Emergency services board, powers and duties — officers — removal of board members, reasons, hearing procedure — vacancies — employment by board, limitations. —1. The powers and duties of the emergency services board shall include, but not be limited to:
(1) Planning a 911 system and dispatching system;
 (2) Coordinating and supervising the implementation, upgrading or maintenance of the system, including the establishment of equipment specifications and coding systems;
 (3) Receiving money from any county sales tax authorized to be levied pursuant to section 190.335 and authorizing disbursements from such moneys collected;
 (4) Hiring any staff necessary for the implementation, upgrade or operation of the system.
 2. The administrative control and management of the moneys from any county sales tax authorized to be levied pursuant to section 190.335 and the administrative control and management of the central dispatching of emergency services shall rest solely with the board, and the board shall employ all necessary personnel, affix their compensation and provide suitable quarters and equipment for the operation of the central dispatching of emergency services from the funds available for this purpose.
* * *
 9. Individual board members shall not be eligible for employment by the board within twelve months of termination of service as a member of the board.
 10. No person shall be employed by the board who is related within the fourth degree by blood or by marriage to any member of the board. [Emphasis added.]
It is a well-established common law principle that the employment of an individual by a public body of which the individual is a member is void as against public policy. InNodaway County v. Kidder, 344 Mo. 795, 129 S.W.2d 857, 861
(1939), the court stated:
 Appellant's alleged contract was also void as against public policy regardless of the statute. A member of an official board cannot contract with the body of which he is a member. The election by a Board of Commissioners of one of its own members to the office of clerk and agreement to pay him a salary was held void as against public policy. * * * [Emphasis added.]
Furthermore, in Polk Tp., Sullivan County v. Spencer,259 S.W.2d 804, 805 (Mo. 1953) the court said:
 [T]he general rule is "that an officer of a public corporation cannot become personally interested in a contract with the board of which he is a member, or in a contract with such public corporation with reference to the performance of any labor or services as to which he has in any way a public duty to perform, either by overseeing or passing upon such labor, or auditing or allowing a claim therefor, or directing the payment thereof."
See also Attorney General Opinion No. 110-92; Attorney General Opinion No. 86-87; Attorney General Opinion No. 141, Hall, 1975; Attorney General Opinion Letter No. 149, Argenbright, 1967; and Attorney General Opinion No. 465, Norbury, 1966; copies of which are enclosed.
In the situation about which you are concerned, the emergency services board by statute is authorized to hire staff (Section190.339.1(4)) and employ all necessary personnel and set their compensation (Section 190.339.2). A board member who also is employed by the board would, in effect, be hiring herself, overseeing her own labor, and allowing the claim for payment of her own salary. Such employment by the board of a board member is void as against public policy regardless of the statute.
Subsection 9 of Section 190.339 provides that individual board members shall not be eligible for employment by the board within twelve months of termination of service as a board member. Subsection 10 prohibits the board from employing any person who is related to a board member within the fourth degree by blood or by marriage. Having already concluded that the common law prohibits the board from employing the board member, we need not address whether subsections 9 or 10 are applicable to such situation.
Your second question asks if it matters how many/few hours are worked by the board member as an employee or the manner in which the board member employee is compensated. If the board member is compensated as an employee, regardless of the number of hours worked as an employee or the manner of compensation, such compensation violates the common law as discussed above.
 CONCLUSION
It is the opinion of this office that a member of an emergency services board to which Section 190.339, RSMo Supp. 1998, applies may not be employed by that board.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General
Enclosures